**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JULIO CEASAR SEGURA, JR., | : | Civil No. 1:24-CV-00960 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is Plaintiff's motion for reconsideration of the court's June 22, 2026 order, which granted Defendants' motion for summary judgment in part. (Doc. 78.) Plaintiff is seeking to add to the facts alleged in his complaint without amending his complaint, and to reargue issues the court fully addressed in the June 22, 2026 memorandum and order. Neither of these objectives can be accomplished through a motion for reconsideration. Therefore, the court will deny Plaintiff's motion.

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initiated this action by filing a complaint in June of 2024. (Doc. 1.) The operative complaint in this matter is the amended complaint filed on October 24, 2025. (Doc. 52.) On April 10, 2026, Defendants filed a motion to dismiss the amended complaint and a brief in support. (Docs. 61, 62.) Plaintiff filed a brief in opposition and a declaration. (Docs. 67, 68.) On June 22, 2026, the court entered

a memorandum and order granting the motion to dismiss in part. (Docs. 72, 73.) The court dismissed all claims against Defendants Harry, Lorah, Dean, and Ragni, all First Amendment retaliation claims, and the Eighth Amendment claims against Defendants Effie and Donnison. (Doc. 73.) The court allowed the claims against Defendants Francis and Cline to proceed. (*Id.*)

On July 20, 2026, the court received and docketed a motion for reconsideration of the court's June 22, 2026 order and a brief in support from Plaintiff. (Docs. 78, 79.) Defendants have not filed a brief in opposition to the pending motion. The court will now address Plaintiff's motion for reconsideration.

## STANDARD

Because Plaintiff's motion seeks reconsideration of an interlocutory order partially granting a motion to dismiss, it is brought pursuant to Fed. R. Civ. P. 54(b). *See Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016) ("[M]otions for reconsideration of interlocutory orders—whether denials of summary judgment, grants of partial summary judgment, or any other non-final orders—are motions under Federal Rule of Civil Procedure 54(b)."). Under Rule 54(b), an order that does not dispose of every claim in an action "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see Qazizadeh*, 214 F. Supp. 3d at 295. Reconsideration of interlocutory orders "may be had even if the movant

cannot show an intervening change in controlling law, the availability of new evidence that was not available when the court issued the underlying order, or 'the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Qazizadeh*, 214 F. Supp. 3d at 295 (quoting *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). "Instead, the court may permit reconsideration whenever 'consonant with justice to do so.'" *Id.* (quoting *St. Mary's Area Water Auth. v. St. Paul Fire & Marine Ins. Co.*, 472 F. Supp. 2d 630, 632 (M.D. Pa. 2007)). Nevertheless, the following limitations apply to such motions:

> [b]efore entertaining a motion for reconsideration of an interlocutory order, the movant must still establish good cause for why the court should revisit its prior decision. Moreover, whether involving a final or interlocutory order, a motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant. A reconsideration motion should not be used to try to get a second bite at the apple or to raise new arguments or evidence that could have been proffered prior to the issuance of the order in question.

*Qazizadeh*, 214 F. Supp. 3d at 295–96 (citations and internal quotation marks omitted).

## DISCUSSION

In his motion, Plaintiff requests that the court not dismiss Defendant Dean because Defendant Dean was on video as the individual using O.C. Spray in his

cell. (Doc. 78, p. 2.)[1] In the June 22, 2026 memorandum and order, the court dismissed claims against Defendant Dean because Plaintiff did not allege any personal involvement by Defendant Dean in the alleged facts of the complaint. (Doc. 72, pp. 17–18.) Plaintiff states that he knows he should have stated this in his amended complaint and has attempted to draft a second amended complaint, but he is afraid to do so because he is worried he would leave out facts that support the claims that have survived. (Doc. 78, pp. 1–2.) The court cannot allow Plaintiff to amend his alleged facts through a motion for reconsideration. Such amendments require an amended pleading. See Fed. R. Civ. P. 15. Therefore, the court will deny Plaintiff's motion for reconsideration of the dismissal of Defendant Dean.

Next, Plaintiff requests the court reconsider its dismissal of claims against Defendant Ragni because Plaintiff alleges that video footage has gone missing and he blames Defendant Ragni. (Doc. 78, p. 2.) The court dismissed claims against Defendant Ragni for a lack of personal involvement in the alleged facts. (Doc. 72, pp. 17–18.) In considering a motion to dismiss, the court is limited to considering the complaint itself and "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Ben. Guar. Corp. v.*

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

*White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). Therefore, any video evidence, or lack of video evidence, is not available to the court to consider when addressing a motion under Rule 12(b)(6). Therefore, the court will deny Plaintiff's motion to reconsider the dismissal of claims against Defendant Ragni.

Third, Plaintiff requests the court to reconsider its dismissal of the retaliation claims because "I feel them laughing at me and getting away with their actions all because I couldn't understand the law." (Doc. 78, p. 2.) The retaliation claims were dismissed because Plaintiff did not identify the grievances or the individuals who were the subject of the grievances in his alleged facts resulting in a lack of causation. (Doc. 72, pp. 18–20.) The court acknowledges Plaintiff's frustration and disappointment in the claims being dismissed, but his feelings alone are not a legitimate reason for the court to reconsider a prior decision. Doing so would amount to allowing Plaintiff a second bite at the apple, which is specifically prohibited under *Qazizadeh*. Therefore, the court will deny Plaintiff's motion to reconsider the order dismissing the retaliation claims.

## CONCLUSION

For the reasons set forth above, the court will deny Plaintiff's motion for reconsideration of the court's June 22, 2026 order.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: November 3, 2026